Thomas P. **GABRIELE**, Jr., Plaintiff,

v.

**COLE NATIONAL CORPORATION d/b/a Things Remembered; Things Remembered, Inc.; and James Leone, Defendants.**

No. 99–CV–675(TJM/RWS).

United States District Court, N.D. New York.

Dec. 29, 1999.

De Lorenzo, Pasquariello & Weiskopf, P.C., Schenectady, NY, Sandra Martino, of counsel, for plaintiff.

Donohue, Sabo, Varley & Armstrong, P.C., Albany, NY, Andrew R. Ferguson, of counsel, for defendants.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

Plaintiff Thomas Gabriele, Jr. brings the instant action against defendants Cole National Corporation d/b/a Things Remembered ("Cole National"); Things Remembered, Inc. ("Things Remembered"); and James Leone, alleging sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and N.Y. EXEC. LAW § 290 *et seq.* Plaintiff seeks monetary damages. Presently before the Court is Defendant Cole National's motion to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, for summary judgment pursuant to FED. R. CIV. P. 56.[1]

## I. Background

Because this is a motion for summary judgment by the defendant, the following facts are presented in the light most favorable to plaintiff. *See Ertman v. United States,* 165 F.3d 204, 206 (2d Cir.1999).

Plaintiff, a male, was hired by defendant Things Remembered in August 1996 as a sales associate in the Things Remembered store in the Rotterdam Square Mall in Rotterdam, New York. The Rotterdam, New York store is one of approximately 800 chain gift stores owned and operated by Cole National.[2] Plaintiff received positive performance evaluations and numerous awards in his position as a sales associate.

On or about January 1997, Plaintiff was asked to cover a shift at the Things Remembered store located in the Colonie Center Mall in Albany, New York. The manager of the Colonie Center store was Defendant James Leone. Plaintiff alleges that Leone, an "admitted homosexual," sexually harassed him by "staring at [him] and touching [him] in passing." Amended Compl. at ¶ 17. Plaintiff also alleges that Leone told him that he "would only let people who were attractive work in the [Colonie Center] store, and that he would let [P]laintiff work in the store because he was attractive." *Id.* Upon returning to work at the Rotterdam Square Mall store, Plaintiff informed his manager, Barbara Armstrong, of Leone's alleged sexual advances and that because of Leone's conduct, he would not cover future shifts at the Colonie Center store. Armstrong apparently informed Plaintiff that Leone was

1. Because both sides submitted affidavits and relied on other materials outside the pleadings, the Court will treat Defendant Cole National's motion as one for summary judgment. *See Davidson v. Chestnut,* 193 F.3d 144, 146 (2d Cir.1999); *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.,* 748 F.2d 774, 779 (2d Cir.1984) ("If the court considers matters outside of the complaint, it must treat the motion as one for summary judgment and proceed under FED. R. CIV. P. 56, giving the party opposing the motion notice, an opportunity to submit pertinent material and, if need be, conduct discovery.") (citations omitted).

2. The degree of control exercised by Cole National over Things Remembered with respect to Things Remembered's day-to-day operations and employment decisions is central to the parties' dispute and the issues raised in the instant motion.

gay and that he liked Plaintiff. *See id.* at ¶ 18.

On or around February 1997, some one-month later, Leone was transferred to the Rotterdam Square Mall store as an Assistant Manager. Shortly thereafter, Plaintiff alleges that Leone sexually harassed him by: (1) using offensive sexual language and conversation, including making obscene comments about Leone's sex life; (2) describing how gay males flirt with each other and repeatedly exhibiting such conduct towards Plaintiff; (3) describing, in detail, how gay men have sex with each other; (4) touching Plaintiff on his shoulders and back without his permission; (5) scheduling Plaintiff's work shifts to coincide with Leone's work shifts; (6) making sexual advances towards Plaintiff, which included standing close to him, staring at him, and singing love songs to him; (7) requesting that Plaintiff accompany Leone to parties; (8) repeatedly commenting about Plaintiff's appearance and how attractive Plaintiff was; (9) becoming increasingly angry and abusive after Plaintiff showed a lack of interest in Leone's weight loss; and (10) following Plaintiff around the store if Plaintiff attempted to avoid Leone's advances. *See id.* at ¶ 19. Plaintiff alleges that after he refused Leone's advances, Leone became "abusive and hostile towards [him]" and demeaned Plaintiff by: (1) demanding that Plaintiff vacuum the floors and polish all the silverware in the store; (2) threatening to "kick Plaintiff's ass"; (3) repeatedly threatening to fire him; (4) tell-ing other employees that Plaintiff was not performing well and that he would fire Plaintiff if management permitted him to do so; (5) calling Plaintiff a "dirtbag" and changing his computer password to "dirt"; (6) repeatedly demanding that Plaintiff perform menial tasks and threatening to fire him if he refused; and (7) berating and humiliating Plaintiff in front of customers without cause. *See id.* at ¶ 21. Plaintiff alleges that his complaints to management at the Rotterdam Square Mall regarding Leone's actions were unanswered, thereby "creating a hostile working environment condoned by [D]efendant Things Remembered," *id.* at 20, which intimidated plaintiff and made him fearful of losing his job, *see id.* at ¶ 22. Plaintiff ultimately left his position on May 11, 1997, asserting a claim of constructive discharge, which is the basis for Plaintiff's hostile work environment claim. *See id.* at ¶ 14. On February 12, 1999, Plaintiff received a Right–To–Sue Letter [3] and timely filed his federal Complaint on May 3, 1999. Defendant Cole National now moves, pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, Fed. R. Civ. P. 56, to dismiss all claims alleged against Cole National d/b/a Things Remembered in the Amended Complaint.[4]

## II. Discussion

### A. The Standard for Summary Judgment

The standard for summary judgment is well-settled. Under Fed. R. Civ. P. 56(c), if

---

3. In the Right–To–Sue Letter, the EEOC "found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement [in the matter]." Compl. at Ex. A.

4. During the time in which Defendant Cole National served and filed its moving papers seeking to dismiss all claims alleged against Cole National in the original Complaint, Plaintiff, by permission of the Magistrate Judge, filed and served an Amended Complaint naming Defendant Things Remembered as an additional defendant in this action. *See* Docket Nos. 26 and 28. The Amended Com-plaint did not modify those claims alleged against Cole National in the original Complaint. *See* Notice of Motion to File and Serve an Amended Complaint and accompanying Affidavit of Sandra Martino, Esq. at ¶ 11 (Docket No. 6). Because the arguments raised and fully briefed by the parties in connection with Cole National's instant motion for summary judgment are not affected by the filing of the Amended Complaint, the Court will treat Cole National's motion as seeking summary judgment with respect to those claims alleged against Cole National in the Amended Complaint.

there is no genuine issue as to any material fact, the moving party is entitled to a judgment as a matter of law "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Electrical Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d. 538 (1986); *see also Chertkova v. Connecticut Gen. Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir.1996). The moving party bears the initial burden of "informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting FED. R. CIV. P. 56(c)). The initial burden is to demonstrate "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. 2548.

Once the moving party has met its burden, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548; *Matsushita*, 475 U.S. at 585–86, 106 S.Ct. 1348. A dispute regarding a material fact is genuine if a reasonable jury could return a verdict for the non-moving party; that is, whether the non-movant's case, if proved at trial, would be sufficient to survive a motion for judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When reasonable minds, however, could not differ as to the import of the evidence, then summary judgment is proper. *See Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

Although the trial court must resolve all ambiguities and draw all inferences in favor of that party against whom summary judgment is sought, *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir.1989); *Eastway ·Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir. 1985), *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987), the motion will not be defeated by a non-movant who raises merely a "metaphysical doubt" concerning the facts or who only offers conjecture or surmise. *Delaware & Hudson Railway Co. v. Consolidated Rail Corp.*, 902 F.2d 174, 178 (2d Cir.1990), *cert. denied*, 500 U.S. 928, 111 S.Ct. 2041, 114 L.Ed.2d 125 (1991) (quoting *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348); *see also Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir.1990). Indeed, the non-moving party's opposition may not rest on mere allegations or denials of the moving party's pleading, but "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

Although the Court is mindful that "summary judgment is ordinarily inappropriate where an individual's intent and state of mind are implicated," *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.), *cert. denied*, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985), it is clear that "conclusory allegations of [sexual harassment] are insufficient to satisfy the requirements of Rule 56(e)." *Id.* (citations omitted); *see also Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir.1997).

### B. "Single Employer" Doctrine

Title VII provides parties claiming discrimination in the workplace with a cause of action against their "employer." *See* 42 U.S.C. § 2000e–2. In the present case, Plaintiff has sued both his immediate employer, Things Remembered, and Cole National, Things Remembered's parent corporation. *See, e.g., Coraggio v. Time Inc. Magazine Co.*, 1995 WL 242047, at *2 (S.D.N.Y. Apr.26, 1995). The issue presently before the Court is whether Plaintiff has alleged a triable issue of fact with respect to whether Cole National and Things Remembered can be treated as a

"single employer" for purposes of the federal and state anti-discrimination laws.

■ In addressing whether a parent corporation and its subsidiary "are sufficiently interrelated so as to warrant treating them as a single unit," *Coraggio*, 1995 WL 242047, at *2, the Second Circuit has adopted "a flexible four-part test aimed at determining the degree of interrelationship between the two entities." *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240 (2d Cir.1995). Under this test, in determining whether a parent corporation and its subsidiary "represent a single, integrated enterprise" under the federal and state anti-discrimination laws, *id.* (quoting *Garcia v. Elf Atochem N. Am.*, 28 F.3d 446, 450 (5th Cir.1994), *abrogated on other grounds by Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 118 S.Ct. 998, 1003, 140 L.Ed.2d 201 (1998)), courts examine evidence of "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Id.* (quoting *Garcia*, 28 F.3d at 450); *see also Armbruster v. Quinn*, 711 F.2d 1332, 1337 (6th Cir.1983); *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389, 392 (8th Cir.1977). In *Cook*, the Second Circuit stated that the inquiry be focused on the second factor, centralized control of labor relations. *See Cook*, 69 F.3d at 1241; *see also Lihli Fashions Corp., Inc. v. NLRB*, 80 F.3d 743, 747 (2d Cir.1996) ("Ultimately, single employer status depends on all the circumstances of the case and is characterized by absence of an 'arm's length relationship found among unintegrated companies.' ") (quotation omitted); *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir.1983) ("Courts applying this four-part standard in Title VII and related cases have focused on the second factor: centralized control of labor relations.... This criterion has been further refined to the point that '[t]he critical question to be answered then is: What entity made the final decisions regarding employment matters related to the person claiming discrimination?' ") (citations and quotation omitted), *reh'g denied*, 707 F.2d 515 (5th Cir.1983); *Equal Employment Opportunity Comm'n v. Bell Atl. Corp.*, 1999 WL 386725, at * 7 (S.D.N.Y. June 11, 1999) ("A claim is properly maintained against a parent company only where 'the parent intervenes in the subsidiary's management so thoroughly as to ignore the subsidiary's paraphernalia of incorporation, directors and officers.' ") (quoting *Bascomb v. Smith Barney Inc.*, 1999 WL 20853, at *3 (S.D.N.Y. Jan.15, 1999)); *Kellett v. Glaxo Enters., Inc.*, 1994 WL 669975, at *3 (S.D.N.Y. Nov.30, 1994) (citing *Jackson v. National Football League*, 1994 WL 282105, at *7 (S.D.N.Y. June 21, 1994)).

■ In the Complaint, Plaintiff alleges that Cole National is "a corporation which owns and operates approximately 800 chain gift stores called 'Things Remembered,' and employs more than one thousand persons." Amended Compl. at ¶ 12. To support his contention that Cole National and Things Remembered are a single employer for purposes of the federal and state anti-discrimination laws, Plaintiff relies on a "corporate search" conducted by Joanne Capritta at the time the instant litigation was initiated and his personal knowledge as an employee of Things Remembered. Ms. Capritta, at the request of Plaintiff's counsel, conducted a preliminary investigation to ascertain the corporate status of Things Remembered. *See* Affidavit of Joanne Capritta, at ¶ 2. As part of her investigation, Capritta contacted the manager of the Rotterdam Square Mall store who informed Capritta that Things Remembered was "actually owned by Cole National Corporation." *Id.* at ¶ 3. After performing an Internet search on both entities, Capritta concluded that "Cole National Corporation was registered to do business in the State of New York as 'Things Remembered.' " *Id.* at ¶ 4. Based on this information, Capritta "was confident that Things Remembered was a d/b/a rather than a corporation." *Id.* at ¶ 5. After reporting her conclusions to Plain-

tiff's counsel, Capritta performed an additional Internet search and "discovered for the first time that there was also a Things Remembered, Inc. doing business in the State of New York." *Id.* at ¶ 6. It was after obtaining this new information that Plaintiff apparently moved to amend the original Complaint to name Things Remembered, Inc. as an additional defendant in this action. *See* Docket No. 6.

In his own affidavit, Plaintiff states that it was his understanding that "Cole National Corporation owned and operated the store . . . [and] was in control of the day to day functions of the store." Affidavit of Thomas P. Gabriele, Jr., at ¶ 3. To support his contention, Plaintiff alleges that: (1) the name "Cole National Corporation" appeared on the register screen each time the register was "booted up"; (2) there was a procedure manual located in the Rotterdam Square Mall store that was created and distributed by Cole National; and (3) there was a telephone number "reserved for store use and created by Cole National . . . which was used to contact the main office in Ohio or other stores to have questions answered."[5] *Id.* at ¶¶ 3–5.

In response, Cole National submitted affidavits from Charles Ibold, Secretary and General Counsel of Things Remembered, Inc., and Leslie Dunn, Senior Vice President, General Counsel and Secretary for Cole National. These affidavits state that Cole National is not registered or authorized to do business in New York, and "has never owned or operated [the

Rotterdam Square Mall Things Remembered store]." Ibold Aff. at ¶ 2; Dunn Aff. at ¶¶ 2, 4. Mr. Ibold alleges that Things Remembered, Inc., a wholly-owned subsidiary of Cole National, is "responsible for the day to day operation of the company and for formulating and implementing its policies and procedures including those relating to its employment practices." Ibold Aff. at ¶ 3. Mr. Ibold further alleges that Cole National never employed the Plaintiff, and that Things Remembered and Cole National have their own human resources and payroll departments, utilize separate employment handbooks and policies, and make their own hiring and employment decisions. *See id.* at ¶¶ 4–6. Accordingly, there is a considerable factual disagreement between the parties with respect to whether Cole National and Things Remembered operate as a single employer for purposes of the federal and state anti-discrimination laws.

Because the determination of single employer status is a question of fact, *see Lihli,* 80 F.3d at 746 (citing *Goodman Piping Prods., Inc. v. NLRB,* 741 F.2d 10, 11 (2d Cir.1984) (per curiam); *NLRB v. Al Bryant, Inc.,* 711 F.2d 543, 551 (3d Cir. 1983), *cert. denied,* 464 U.S. 1039, 104 S.Ct. 699, 79 L.Ed.2d 165 (1984)), and these facts appear to be in dispute based on the parties' submissions, discovery on this issue is required for Plaintiff to more fully establish the nature of the relationship between Cole National and Things Remembered.[6] Because Plaintiff just recent-

---

**5.** Plaintiff also avers that Cole National was listed on a W–2 statement issued to him. Gabriele Aff. at ¶ 6. Cole National, however, disputes this assertion by submitting documentary evidence listing Things Remembered, Inc. as the employer on Plaintiff's 1997 W–2 Statement. *See* Affidavit of Charles Ibold, Esq., at ¶ 8 and Ex. A.

**6.** In its Reply Memorandum of Law, Cole National relies on *Kellett v. Glaxo Enters., Inc.,* 1994 WL 669975 (S.D.N.Y. Nov.30, 1994), for the proposition that summary judgment should be granted to the parent company defendant "when plaintiff fail[s] to demon-

strate that the parent exercised any control exceeding that normally exercised by a parent over a subsidiary." Reply Mem. of Law at 7. Although *Kellett,* like the instant case, involved motions for summary judgment, the timing of the respective motions is notably different. Specifically, in *Kellett,* the parent company defendant moved for summary judgment more than two years after the complaint was filed and after discovery was likely complete or near completion. *See Kellett,* 1994 WL 669975, at *1. Here, however, the original Complaint was filed on May 3, 1999, *see* Docket No. 1, and an Amended Complaint was filed on October 29, 1999, *see* Docket No.

ly amended the Complaint to name Things Remembered as a defendant in this action, Plaintiff must be permitted an opportunity to undertake some factual investigation to determine, *inter alia*, the interrelation of operations between Cole National and Things Remembered; Cole National's involvement in the day-to-day operations and employment decisions of Things Remembered; and whether Cole National and Things Remembered share a common management structure. Accordingly, because of an absence of discovery on this issue and a factual disagreement between the parties about whether Cole National and Things Remembered operate as a single employer, the Court cannot conclude, at this preliminary stage of the litigation, that Plaintiff has failed to raise a genuine issue of fact to support his contention that Cole National and Things Remembered are a single employer for the purposes of Title VII and N.Y. Exec. Law § 290 *et seq.* *See Bell Atl. Corp.*, 1999 WL 386725, at *7 ("Although plaintiffs' allegations concerning [the defendant] are thin, I conclude that it would be premature to dismiss [the defendant] from these suits at this juncture 'because plaintiffs have had little or no discovery to substantiate their claim that [the parent and subsidiary] operated as one employer.'") (quoting *Bridges v. Eastman Kodak Co.*, 800 F.Supp. 1172, 1178 (S.D.N.Y.1992)); *see also Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir. 1995) ("A party opposing a motion for summary judgment 'must have had the opportunity to discover information that is essential to his opposition to the motion.'") (quoting *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir.1989)); *Philippeaux v. North Cent. Bronx Hosp.*, 871 F.Supp. 640, 651 (S.D.N.Y.1994), *aff'd*, 104 F.3d 353 (2d Cir. 1996), *cert. denied*, 520 U.S. 1105, 117 S.Ct. 1110, 137 L.Ed.2d 312 (1997).

28. Thus, defendant Cole National's summary judgment motion comes only seven (7) months after the original Complaint was filed

## III. CONCLUSION:

For all of the foregoing reasons, Defendant Cole National's motion for summary judgment is **DENIED.**

**IT IS SO ORDERED.**

and *before* any discovery has commenced on the disputed issue currently before the Court.