SUMMARY ORDER
Appellant Joseph Cameron, pro se, appeals the dismissal of his complaint seeking, inter alia, a refund of his federal income taxes and an order preventing his employer, the Metropolitan Transportation Authority (“MTA”), from withholding taxes from his wages. We assume the parties’ familiarity with the facts and procedural history, which we reference only as necessary to explain our decision to affirm.
We review de novo the dismissal of a complaint pursuant to Rule 12(b)(1) or (6). See Maloney v. Soc. Sec. Admin., 517 F.3d 70, 74 (2d Cir.2008). In each instance, we “tak[e] all facts alleged in the complaint as true and draw[ ] all reasonable inferences in favor of the plaintiff.” Securities Investor Prot. Corp. v. BDO Seidman, LLP, 222 F.3d 63, 68 (2d Cir.2000).
1. Claim Against United States for Refund
Because Cameron’s complaint was filed in May 2006, he is statutorily barred from seeking a refund for taxes paid in tax years 1997 through 2002. See 26 U.S.C. § 6511(b)(2)(A); Ertman v. United States, 165 F.3d 204, 206 (2d Cir.1999).
The district court properly dismissed as frivolous Cameron’s remaining refund claims against the United States. Section 61 of Title 26 defines “gross income” as “all income from whatever source derived,” 26 U.S.C. § 61(a), and “the argument that [wages] are not [income] has been rejected so frequently that the very raising of it justifies the imposition of sanctions.” Connor v. Comm’r Internal Revenue, 770 F.2d 17, 20 (2d Cir.1985). Cameron’s argument that he was not required to pay income taxes because the regulations implementing the Internal Revenue Code were imposed in violation of the Administrative Procedure Act warrants no discussion, as his tax liability and the MTA’s obligation to withhold taxes from his wages are imposed by the Code itself. See 26 U.S.C. §§ 61, 3402.
2. Claim for Order Against MTA
The district court correctly dismissed Cameron’s claims against the MTA for failure to state a claim. Under 26 U.S.C. § 3402(a), “every employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures prescribed by the Secretary” unless an exception applies. In the absence *95 of an applicable exception, the district court correctly concluded that the MTA was required to deduct taxes from Cameron’s wages.
We have considered all of plaintiffs’ remaining arguments on appeal and have found them to be without merit. Accordingly, we AFFIRM the judgment of dismissal.