Teresa Maire PANTANI et al.

v.

Shirley D. PETERSON, Commissioner,
Internal Revenue Service.

No. 3:94CV01207 (PCD).

United States District Court,
D. Connecticut.

Aug. 18, 1995.

Max F. Brunswick, New Haven, CT, Edmund L. Pantani, New Haven, CT, for plaintiffs Teresa Maire Pantani, Edmund L. Pantani.

David X. Sullivan, U.S. Attorney's Office, New Haven, CT, for defendant Shirley D. Peterson, Commissioner of IRS.

John V. Cardone, U.S. Department of Justice, Tax Division, Washington, DC, for defendant U.S.

## MEMORANDUM OF DECISION

DORSEY, Chief Judge.

### A. *Motion for Sanctions*

Defendant's motion for sanctions was granted. Plaintiffs subsequently claimed that Mr. Pantani, an attorney, received no copy of the motion. He entered an appearance for himself and his co-plaintiff as did Mr. Brunswick. Mr. Brunswick concedes getting a copy of the motion. His assumption that Mr. Pantani would take care of the matter does not discharge his obligation nor does it preclude the court from holding him to doing so. Plaintiffs were properly served notwithstanding Mr. Pantani's assertion.

The governments' claims on which the motion was premised are uncontradicted. Therefor the grant of the motion will stand. Based on the government's unchallenged submission, plaintiffs shall pay to defendant the sum of $914.00.

## B. *Motions for Summary Judgment*

Plaintiffs claimed 1) a refund or credit for an overpayment for the year 1986 and 2) a refund or credit for an overpayment of taxes for the year 1989. These claims are interrelated because claim 2) is based on entitlement to credit for the overpayment in claim 1). The IRS disputes plaintiffs' entitlement to any credit or refund of the 1986 overpayment because there was no claim therefor within the time allowed. Plaintiffs claimed that the tax for 1988, $23,016, was paid by crediting the 1986 overpayment. The IRS disallowed such a credit. It concedes a $29,-000 1989 overpayment but allocated $23,016 thereof to pay the 1988 tax.

■ Summary judgment entered for the government on these claims absent objection. The government concedes plaintiffs' entitlement to $5,984. Plaintiffs' motion for reconsideration was denied (on May 17, 1995) as the failure to interpose any opposition was not excused. It was further relevant that the grant of sanctions, on April 21, 1995, was based on plaintiffs' assertion of false facts in the complaint in that the form on which the 1986 return was filed, allegedly in August, 1987, did not exist on that date. This was material to the claim of entitlement to credit for the 1986 overpayment since the IRS has no record of the filing of the 1986 return, on which the claim for refund of the overpayment was based, until August 8, 1992. Treated as a refund claim, as then filed it was too late and was denied.

Plaintiffs cannot claim that the 1986 return was filed earlier than 1992. Mr. Pantani first claimed that it was filed in August 1987. Without equivocation or reservation, under oath, he stated as the truth that the return was filed in August, 1987. Ex. B. Confronted with the impossibility of filing in August, 1987, a return that included a form not printed by the IRS until November 1987, he offered a new explanation, that he relied on others for his information and he recalled the date of filing as after November 1987. Correcting Affidavit dated June 1, 1995. That contention cannot be credited because the return is dated August 14, 1987 when the Computation of Investment Credit Form, Ex. C, did not exist. Necessarily the return was backdated. Plaintiffs have neither conceded that fact nor shown any valid filing date other than the IRS record date of August 21, 1992.

The parties agreed that the facts were not in dispute and the matter should be resolved of the basis of cross motions for judgment as a matter of law. Defendant concedes plaintiffs are entitled to $5,984, the $29,000 1989 overpayment less the $23,016 applied to the 1988 tax due.

■ In the 1989 return, Ex. F [1], an investment credit of $14,415 was claimed, Ex. F, p. 2, 1.46, part of which, $11,046, was based on an $84,966 rehabilitation expenditure on property at 47 E. Main Street. Ex. F, p. 11 (Form 3486). Such a credit is authorized if made with respect to property used more than 50% in a trade or business. In the same return plaintiffs reported the $84,966 as expended on property used 50% or less in a trade or business. Ex. F, p. 14 (Form 4562). No evidence in contradiction of this assertion was offered. The $11,046 credit in the 1989 return was thus properly denied by the IRS. The recomputation of the 1989 tax resulted in a tax due as opposed to plaintiffs' claim of entitlement to a tax refund for the tax year 1989.

■ Plaintiffs claim the remainder of the 1986 overpayment. Conceding that no claim was filed until 1992, "[w]hile it may appear that the plaintiffs did not file their claim for credit within two years of the 1986 payment," Plaintiffs' Memorandum dated June 23, 1985, they argue they are not barred because the $86,000 was not a payment of taxes. This reargues the granted government motion for summary judgment. It asserts opposition to the motion not previously filed, which failure was not excused as discussed above in relation to the failure to file, on time, an opposition to the motion for sanctions. Plaintiffs cannot resuscitate a claim decided by the entry of summary judgment.

1. Exhibits are identified as attached to defendant's motion for Summary Judgment dated

June 15, 1995.

Plaintiffs may not rely on equitable recoupment. They are in no different position than was claimant in *United States v. Dalm*, 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990) who sought "to invoke equitable recoupment only in a separate action for refund of ... tax, an action for which there is no statutory authorization by reason of the bar of the limitations statute." *Id.* at 606, 110 S.Ct. at 1367. Equitable recoupment is not to be the sole basis for jurisdiction. *Id.* at 609, 110 S.Ct. at 1368–69.

Nor may the 1987 return constitute a valid claim because it was filed on February 20, 1990 more than two years after the payment date, April 15, 1987. 26 U.S.C. § 6511(a).

As their remaining claim after the grant of the motion for summary judgment, for $5,984, is not disputed as an overpayment, summary judgment for the taxpayers in that amount will enter.

*Conclusion*

Judgment shall enter on Count Two for plaintiffs in the amount of $5,984.

SO ORDERED.