**John A. GABELMAN, Petitioner–Appellant,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 95–1251.**

United States Court of Appeals, Sixth Circuit.

Argued April 12, 1996.

Decided June 21, 1996.

Jerry O. Allen (briefed), Jennifer B. Dunsizer (argued), Bricker & Eckler, Columbus, OH, for John A. Gabelman.

Stuart L. Brown, I.R.S., Office of Chief Counsel, Washington, DC, Gary R. Allen, Acting Chief (briefed), Bridget M. Rowan, Gilbert S. Rothenberg, Sally Schornstheimer (argued), U.S. Dept. of Justice, Appellate Section Tax Div., Washington, DC, for C.I.R.

Before SUHRHEINRICH and SILER, Circuit Judges, and EDMUNDS, District Judge.*

EDMUNDS, District Judge.

John Gabelman appeals the Tax Court's decision denying his refund claim. Appellant claims the Tax Court improperly designated his remittance as a tax payment rather than a deposit. For the following reasons, we hereby affirm the decision of the Tax Court.

## I.

In April of 1987, Appellant John Gabelman filed Form 4868, entitled Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, for 1986.[1] Appellant anticipated that the amount withheld by his employer would not satisfy his income tax liability, hence he included a check in the amount of $47,500 with his Form 4868. Appellant arrived at this amount somewhat arbitrarily, because he had not received all of the necessary information to calculate his income tax liability. This figure reflects Appellant's careful overcalculation of the actual amount of taxes that he thought were due.

In August of 1987, Appellant applied for a second extension of time to file his 1986 tax return, which was granted. Appellant never did file a tax return for 1986, nor has he filed for a refund. Approximately four years later, in August, 1991, the Commissioner mailed a notice of deficiency to Appellant for the 1986 tax year. The notice determined that Appellant had a tax deficiency of $81,-422.75, plus statutory additions. The deficiency notice indicated that Appellant owed the IRS approximately $11,000 more than what he had already paid.

On October 30, 1991, Appellant's attorney sent the Commissioner a letter reading in pertinent part:

The above-referenced taxpayer has made undesignated remittances to the Internal Revenue Service ("IRS") in the total amount of $69,694 for income taxes for the

year ending December 31, 1986. This amount consists of $22,194 remitted through withholding and $47,500 remitted by check. Pursuant to Revenue Procedure 84–58, undesignated remittances constitute deposits in the nature of a cash bond.

In a Notice of Deficiency dated August 2, 1991, the IRS asserted a deficiency in income tax for the above-referenced taxpayer for the tax year ended December 31, 1986. Pursuant to Revenue Procedure 84–58, in order for the above-referenced remittances to continue to be treated as deposits in the nature of a cash bond, the taxpayer must direct the IRS in writing to continue to treat such remittances as deposits in the nature of a cash bond within 90 days from the date of the Notice of Deficiency.

Pursuant to Revenue Procedure 84–58, the taxpayer hereby directs that the remittances totalling $69,694, which the petitioner has made in respect of the 1986 tax year be continued to be treated as deposits in the nature of a cash bond.

Thereafter, Appellant brought an action in the United States Tax Court contesting the asserted deficiency for 1986. Before trial, the parties agreed that the actual deficiency equalled $23,790. Appellant thus had overpaid his tax liability by $46,295. At trial, the primary issue concerned Appellant's entitlement to a refund of the overpayment.

The Tax Court held that Appellant was not entitled to a refund. Preliminarily, the court had to determine whether the remittance made by Appellant was a tax payment or a deposit. If the court determined the remittance to be a tax payment, then the jurisdictional limitations of I.R.C. § 6512(b)(3) would apply, and Appellant would not be entitled to any refund. If the remittance qualified as a deposit, however, then Appellant would be entitled to a refund. The Tax Court held that the remittance was a tax payment, and, therefore, Appellant was barred from claim-

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. Originally, Appellant also contested deficiencies assessed against him for the 1987 and 1988 tax years. Appellant chose not to pursue issues relating to those tax years on appeal.

ing any refund. Appellant now challenges that decision.

## II.

■ This court reviews factual decisions made by the Tax Court under a clearly erroneous standard, while legal decisions are reviewed *de novo. Smith v. Comm'r of Internal Revenue,* 926 F.2d 1470, 1474 (6th Cir. 1991). In this case, the court must decide whether the Tax Court utilized the correct standard in determining whether Appellant's remittance qualified as a payment or a deposit. This legal issue is subject to plenary review.

## III.

■ The Internal Revenue Code provides time limitations within which actions for refunds must be brought. I.R.C. § 6511. The limitations period is jurisdictional in nature and cannot be waived. *United States v. Dalm,* 494 U.S. 596, 602, 110 S.Ct. 1361, 1365, 108 L.Ed.2d 548 (1990). Hence, the tax court has jurisdiction only where a taxpayer's refund claim meets the requirements of I.R.C. § 6512(b)(3), which provides,

(3) Limit on amount of credit or refund.— No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid—

(A) after the mailing of the notice of deficiency,

(B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or

(C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency

. . .

■ Appellant here made his remittance before the deficiency was mailed and filed no tax return for 1986, so I.R.C.

§§ 6512(b)(3)(A) and (C) do not apply. Thus, if the remittance made by Appellant was a tax payment, he could only receive a refund if the payment had been made within two years before the date of mailing of the notice of deficiency, the date on which the IRS constructively considers a claim filed where no claim has actually been filed. I.R.C. § 6511(b)(2). *See also Allen v. Commissioner,* 99 T.C. 475, 1992 WL 252851 (1992), *aff'd,* 23 F.3d 406 (6th Cir.1994). Since Appellant made his remittance more than two years prior to the mailing of the deficiency, a determination that the remittance qualified as a tax payment would defeat the Tax Court's jurisdiction.

If the court held the remittance to be a deposit, however, then payment would have occurred on the date that a "more definite determination of tax liability [was] asserted by the Government." *Ameel v. United States,* 426 F.2d 1270, 1272 (6th Cir.1970) (citing *Rosenman v. United States,* 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1945)). Under this analysis, Appellant's payment would have occurred in 1991, when the Commissioner made a more definite finding of liability, and the current action would be timely. This case thus turns on whether the remittance made by Appellant qualifies as a tax payment or as a deposit.

The Commissioner argues that remittances made with Form 4868 extension requests should be considered payments as a matter of law. Appellant contends to the contrary that *Ameel,* 426 F.2d 1270, and Revenue Procedure 85–48, 1985–2 C.B. 607, require this court to follow a facts and circumstances analysis. The court finds the Commissioner's reasoning and analysis more persuasive.

■ Taxpayers have an affirmative duty to file income tax returns and pay the amount assessed to them. *Manning v. Seeley Tube & Box Co.,* 338 U.S. 561, 565, 70 S.Ct. 386, 388–89, 94 L.Ed. 346 (1950). Congress has set the date upon which taxes are deemed paid as the due date of the taxpayer's return, and not as the date upon which the return is actually filed. I.R.C. § 6513(b)(2). It logically follows that remittances accompanying

income tax returns are automatically considered payments.

The IRS does permit taxpayers to file late tax returns when the requirements of 26 C.F.R. § 1.6081–1(a)(1) (1995), are met. Even with an extension, taxpayers retain their duty to submit a payment with their Form 4868 extension request:

> Such application for extension must show the full amount properly estimated as tax for such taxpayer for such taxable year, and such application must be accompanied by the full remittance of the amount properly estimated as tax which is unpaid as of the date prescribed for the filing of the return.

26 C.F.R. § 1.6081–4(a)(4) (1995). While taxpayers are given latitude in filing their returns, the regulations expressly prohibit an extension of time for the payment of taxes due. 26 C.F.R. § 1.6081–4(b) (1995), states,

> Notwithstanding the application of § 1.6081–1(a), any automatic extension of time for filing an individual income tax return granted under paragraph (a) of this section shall not operate to extend the time for payment of any tax due on such return.

The express language of the regulations requires taxpayers to submit an estimated *payment* of their taxes with Form 4868 extension requests.

Furthermore, the lump sum remittance of estimated taxes is analogous to the withholding of taxes and the payment of estimated taxes made in installments throughout the year. Both of the latter types of remittances have been characterized as payments. *See e.g., Ehle v. United States,* 720 F.2d 1096 (9th Cir.1983)(wage withholdings are deemed paid on April 15th of the following year); I.R.C. § 6513(b)(1) (same); I.R.C. § 6513(b)(2) (estimated tax payments are "deemed to have been paid" on the due date for the tax return for the following year). The Tax Court discussed the differences between a lump sum remittance of estimated taxes and other types of remittances in *Risman v. Commissioner,* 100 T.C. 191, 1993 WL 72856 (1993). While the *Risman* court held that lump sum estimated payments should be treated differently than other types of estimated payments, the clear language of the statutes and

regulations mandates the opposite conclusion. 26 C.F.R. § 1.6081–4(a)(1) requires taxpayers seeking extensions to file applications "accompanied by the full remittance of the amount properly estimated as tax which is unpaid as of the date prescribed for the filing of the return." The remittance is the taxpayer's estimated taxes: the amount that the taxpayer anticipates will be due. The Internal Revenue Code further provides that all remittances of estimated taxes are paid as a matter of law on the due date of the related income tax return. I.R.C. § 6513(b)(2). Therefore, remittances submitted with Form 4868 extension requests are payments as a matter of law. Many other courts have come to this same conclusion. *See Weigand v. United States,* 760 F.2d 1072, 1074 (10th Cir.1985); *Holtvogt v. United States,* 887 F.Supp. 994, 999 (S.D.Ohio 1995); *Brockamp v. United States,* 859 F.Supp. 1283 (C.D.Cal. 1994), *rev'd on other grounds,* 67 F.3d 260 (9th Cir.1995), *cert. granted,* —— U.S. ——, 116 S.Ct. 1875, 135 L.Ed.2d 171 (1996); *England v. United States,* 760 F.Supp. 186, 188 (D.Kan.1991).

Appellant argues against a per se rule that payments made with Form 4868 extension requests are payments as a matter of law, relying on the analysis set forth by this court in *Ameel,* 426 F.2d 1270, and the IRS's own Revenue Procedure 84–58. In *Ameel,* the executrix of an estate filed a timely tax return that was later subject to an IRS audit. Following the audit, the executrix submitted an additional amount to satisfy the proposed deficiency. Thereafter, the executrix's brother was appointed estate administrator, challenged the findings of the IRS audit, and filed a claim for refund of the estate taxes after the statute of limitations period already had passed. Hence, if the remittance was deemed a payment, then the estate would be unable to claim the refund. Under those circumstances, in order to determine whether a remittance by a taxpayer in response to a proposed deficiency is a tax payment or a deposit, the court held that it was necessary to consider certain additional factors. *Id.* at 1273. The court stated,

> "This much is clear: (1) a remittance is not per se 'payment' of the tax; (2) a

remittance that does not satisfy an asserted tax liability should not be treated as the 'payment' of a tax; and (3) an essential factor in 'payment' before assessment is the satisfaction or discharge of what the taxpayer deems a liability."

*Id.* (quoting Mertens, *Law of Federal Income Taxation,* Vol. 10, § 58.27 at 79 (1964 ed.)). The Sixth Circuit thus utilizes a "facts and circumstances" approach in deciding whether a taxpayer's remittance during an audit qualifies as a deposit or a payment. Using these factors in *Ameel,* the court found that the estate had made a remittance in response to a proposed liability with the intent to discharge any further tax liability. The remittance resultingly qualified as a tax payment. *Id.*

*Rosenman, Ameel,* and Revenue Procedure 84–58 [2] may be distinguished from the case at hand, because the former dealt with taxpayers involved in audit situations, whereas here, Appellant prepared his own Form 4868 extension request and sent in a check supposedly representing his estimated tax liability. In situations where the IRS is challenging determinations and representations made by taxpayers, a taxpayer may very well submit a remittance merely to stop any penalties from accumulating. Such were the facts in *Rosenman* and *Ameel* and contemplated in Rev. Proc. 84–58. This case, in contrast, involved no challenge by the IRS. Rather, Appellant made the choice to apply for an extension to file his income tax return. The regulations clearly require such requests to be accompanied by an estimated tax payment. Appellant made an estimate of the taxes due, although it is granted that he made a gross overcalculation, and submitted a check with his request. The fault must lie with Appellant for failing to timely follow the refund procedures. Appellant's remittance was a tax payment as a matter of law. The Tax Court, therefore, properly held that Ap-

pellant's refund claim was barred pursuant to I.R.C. § 6512(b).

## IV.

For the foregoing reasons, the decision of the Tax Court is hereby AFFIRMED.

2. Revenue Procedure 84–58 provides, "[a]ny undesignated remittance not described in section 4.03 ... made before liability is proposed to the taxpayer in writing ... will be treated by the Service as a deposit in the nature of a cash bond." Rev. Pro. 84–58, § 4.04. Rev. Pro. 84–58, § 4.02(3) further provides that a deposit will

be reclassified as a payment "unless the taxpayer requests in writing before [the expiration of a 90 or 150 day period] that the deposit continue to be treated as a deposit after the mailing of the notice of deficiency." Rev. Proc. 84–58, § 4.02(3).