T.C. Memo. 2002-69

UNITED STATES TAX COURT

RODNEY L. BURR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12918-99.                Filed March 25, 2002.

Rodney L. Burr, pro se.

<u>Kathleen K. Raup</u>, for respondent.

MEMORANDUM OPINION

GALE, <u>Judge</u>:  Respondent determined the following deficiencies and additions to tax with respect to petitioner's Federal income taxes:

|      |            | Additions to Tax | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 1995 | $10,058 | $1,683.22 | $1,122.15 | $392.77 |
| 1996 | 11,475 | 1,775.47 | 710.19 | 403.50 |

Unless otherwise noted, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, we must decide the following issues:

(1) Whether petitioner has an overpayment for 1995 and, if so, whether such overpayment may be used as a credit against his 1996 tax liability;

(2) Whether petitioner is liable for additions to tax under section 6651(a)(1) and (2); and

(3) Whether petitioner is liable for additions to tax under section 6654.

Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. At the time the petition was filed, petitioner resided in Elkton, Maryland.

Petitioner did not file timely Federal income tax returns for 1994, 1995, or 1996, nor request any extensions of time to file with respect to those years. On April 19, 1999, respondent issued separate statutory notices of deficiency for petitioner's 1995 and 1996 tax years. Respondent's determinations were based

on information returns received from third parties reporting income petitioner earned during the relevant years.

On July 14, 1999, respondent received petitioner's 1994 Federal income tax return reporting a tax liability of $4,378 and income tax withheld of $6,137, resulting in an overpayment of $1,759 that petitioner thereon requested be applied to his 1995 estimated tax. Respondent accepted petitioner's 1994 return as filed on January 23, 2000, and subsequently assessed the tax liability reported thereon.

On July 22, 1999, respondent received petitioner's 1995 and 1996 Federal income tax returns. Petitioner's 1995 return reported a tax liability of $4,087, income tax withheld of $2,578, and an overpayment credit of $1,759 from 1994, resulting in overpayment of $250 that petitioner thereon requested be applied to his 1996 estimated tax. Petitioner's 1996 return reported a tax liability of $5,224, income tax withheld of $3,585, and an overpayment credit of $250 from 1995, resulting in a payment due for that year of $1,389. Attached to the 1996 return was a Form 8275, Disclosure Statement, on which petitioner, inter alia, provided explanations with respect to his late filing and late payment. Respondent later accepted petitioner's 1995 and 1996 returns as filed but did not assess the tax liabilities reported thereon. Other than the withholdings previously outlined, petitioner made no additional

payments of Federal income tax with respect to his 1995 and 1996 tax years after the notices of deficiency for those years were issued on April 19, 1999.

Overpayment Issue

As a result of petitioner's submission and respondent's acceptance of returns for 1995 and 1996 after the issuance of notices of deficiency for those years, the parties agree that the amount of Federal income tax imposed on petitioner is $4,087 in 1995 and $5,224 in 1996. There is likewise no dispute as to the amounts withheld as taxes from petitioner's wages during those years. However, a dispute remains concerning whether petitioner has an overpayment in 1995 that may be applied against his tax liability for 1996. Petitioner claims that he overpaid his 1995 tax liability by $250 and that such overpayment should be credited as an estimated tax payment against his 1996 tax liability. The difference between the parties' positions can be traced to an overpayment of petitioner's 1994 tax liability in the amount of $1,759 that petitioner seeks to apply against his 1995 tax liability. (If applied as petitioner contends, the 1994 overpayment would result in an overpayment of $250 for 1995.)

In years where this Court has jurisdiction to redetermine a taxpayer's deficiency, we also have jurisdiction to determine whether the taxpayer has made an overpayment of income tax. Sec. 6512(b)(1); Winn-Dixie Stores, Inc. & Subs. v. Commissioner, 110

T.C. 291, 295 (1998).  Respondent issued notices of deficiency containing determinations that petitioner is liable for deficiencies in income tax for 1995 and 1996; petitioner filed a timely petition with this Court contesting respondent's determinations.  Accordingly, this Court has jurisdiction to redetermine the amount of petitioner's deficiencies for 1995 and 1996, and to determine whether petitioner has an overpayment for either year.

Respondent argues that petitioner does not have an overpayment for 1995 because the credit petitioner seeks for his 1994 overpayment was time-barred when petitioner first claimed it.  Petitioner argues that his 1994 overpayment must be taken into account when determining whether he has an overpayment for 1995 because respondent accepted his 1994 return, claiming a credit for such overpayment, as filed.

When a taxpayer's payments, including allowable credits for income taxes withheld from wages and the prior year's overpayment, exceed the total tax imposed for the year there is an overpayment.  Secs. 31(a), 35, 6401(b)(1), 6402(b); see also Bachner v. Commissioner, 109 T.C. 125, 128 (1997) (interpreting "overpayment" to mean any payment of tax in excess of that which is properly due), affd. without published opinion 172 F.3d 859 (3d Cir. 1998).  It follows that in order for this Court to find an overpayment for petitioner's 1995 tax year, we must find that

petitioner's total tax payments for 1995 exceeded the tax imposed for that year.  See Bachner v. Commissioner, supra at 129; Stephenson v. Commissioner, T.C. Memo. 1995-32.

Of the $4,087 total tax imposed on petitioner for 1995, $2,578 has been satisfied by tax payments that were withheld from his wages in 1995.  No other payments were made with respect to his 1995 taxable year after issuance of the notice of deficiency. On his 1994 return, petitioner sought to credit his $1,759 overpayment for 1994 against his estimated tax for 1995 and maintains in this proceeding that he is entitled to do so. Respondent argues that petitioner may not credit his 1994 overpayment against his estimated tax for 1995 because petitioner did not claim a credit for the overpayment within the applicable period of limitations.  We agree with respondent.

Section 6402 and the regulations thereunder govern respondent's authority to credit income tax overpayments against the estimated income tax for the succeeding taxable year. Respondent's authority to do so is specifically limited to allowing credits of overpayments for which a claim has been filed within the applicable period of limitations.  See sec. 6402(a) and (b); secs. 301.6402-2(a)(1) and 301.6402-3(a)(5), Proced. & Admin. Regs.  Section 6511, governing the period of limitations for claiming credits and refunds, provides that where no return has been filed, a taxpayer must make a claim for an overpayment

credit within 2 years of the date the taxes were paid.  Sec. 6511(a).  Likewise, the amount of any credit is limited to taxes paid within 2 years prior to the date the claim is filed.  Sec. 6511(b)(2)(B).

The record in this case establishes that petitioner's 1994 tax payments consisted solely of withholdings that occurred during 1994.  The amounts so withheld are deemed to have been paid on April 15, 1995.  Sec. 6513(b)(1).  Petitioner's untimely 1994 return, on which he first claimed the 1994 overpayment credit, was not received by respondent until July 14, 1999, more than 4 years after the taxes were deemed paid.  Therefore, petitioner's claim for a credit of his 1994 overpayment, filed outside the 2-year period provided under section 6511, was not timely.  Accordingly, under section 6402, respondent did not have authority to award such credit, either against petitioner's estimated tax for 1995 or otherwise.

Citing section 6214(b),[1] petitioner argues that his

---

[1]  Section 6214(b) provides in pertinent part:

SEC. 6214.  DETERMINATIONS BY TAX COURT.

   (b) Jurisdiction Over Other Years and Quarters. --The Tax Court in redetermining a deficiency of income tax for any taxable year * * * shall consider such facts with relation to the taxes for other years * * * as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year * * * has been overpaid or underpaid.

overpayment of his 1994 taxes is a "fact", established when respondent accepted his 1994 return as filed, that this Court must "consider" in redetermining his 1995 deficiency; i.e., that pursuant to section 6214(b) we should credit the $1,759 overpayment for 1994 against his tax liability for 1995. Section 6214(b) does not confer such authority. While the "fact" that petitioner overpaid his 1994 taxes by $1,759 is undisputed, it does not follow that this overpayment may constitute a payment of tax for 1995 in contravention of the provisions of sections 6402 and 6511. Section 6402 governs the circumstances in which an overpayment in one year may be treated as a payment of tax for the succeeding year; section 6402 and the regulations thereunder condition this treatment on a claim for a credit of the preceding year's overpayment that is made within the applicable period of limitations. See secs. 6402(a) and (b), 6511; secs. 301.6402-2(a), 301.6402-3(a)(5), Proced. & Admin. Regs.

Petitioner also contends that respondent asserted an affirmative defense by taking the position that petitioner's claim for a credit of his 1994 tax overpayment was time-barred under section 6511. Accordingly, petitioner argues that respondent waived such defense when he failed to plead it in his answer as required under Rule 39. We disagree.

First, if the pleadings are to be strictly construed herein, we have some doubt that petitioner's pleadings were sufficient to

notify respondent that petitioner was seeking a credit of a 1994 overpayment.  The petition seeks not a credit but a "Tax Payment carry-forward", a term of petitioner's invention.  In any event, we have held in similar circumstances that the Commissioner was not required to plead affirmatively that an overpayment was time-barred under section 6512(b)(3).  See <u>Gabelman v. Commissioner</u>, T.C. Memo. 1993-592, affd. 86 F.3d 609 (6th Cir. 1996). Moreover, respondent's position that a credit of petitioner's 1994 overpayment is time barred was clearly stated in his trial memorandum, and we are unable to discern any prejudice to petitioner.  See <u>id.</u>

Finally, petitioner attempts to avoid the consequences of the Internal Revenue Code's prescribed limitations periods by arguing that his effort to apply his 1994 overpayment against his 1995 tax liability is not a "credit" but instead a "payment carryforward".  A "payment carryforward", petitioner claims, is not subject to the period of limitations provided in section 6511.  Petitioner derives the concept of a "payment carryforward" from section 6513(d)[2] and contends that that section entitles him

---

[2] Sec. 6513(d) provides:

SEC. 6513.  TIME RETURN DEEMED FILED AND TAX CONSIDERED
(continued...)

to apply his 1994 overpayment against his 1995 liability without regard to the period of limitations set forth under section 6511.

Section 6513(d) does not operate as petitioner argues. That section's purpose is: (i) To provide a rule for deeming <u>when</u> an overpayment credited to the succeeding year's estimated tax is considered paid and (ii) to clarify that any claim for a credit or refund of an overpayment credited against a subsequent year's tax liability must be made with respect to the subsequent year rather than the year in which the overpayment arose. Furthermore, contrary to petitioner's contentions, section 6513(d) does not operate outside the limitations periods of section 6511. Rather, it specifically incorporates them. Section 6513(d) begins with the following conditional clause: "If any overpayment of income tax is, <u>in accordance with section 6402(b)</u>, claimed as a credit against estimated tax for the succeeding taxable year". Sec. 6513(d)(emphasis added). As

---

²(...continued)
        PAID.

     (d) Overpayment of Income Tax Credited to Estimated Tax.--If any overpayment of income tax is, in accordance with section 6402(b), claimed as a credit against estimated tax for the succeeding taxable year, such amount shall be considered as a payment of the income tax for the succeeding taxable year (whether or not claimed as a credit in the return of estimated tax for such succeeding taxable year), and no claim for credit or refund of such overpayment shall be allowed for the taxable year in which the overpayment arises.

previously noted, section 6402(b) incorporates a requirement that any claim for a credit or refund must be filed within the section 6511 period of limitations applicable to claims for overpayment credits. Thus, section 6513(d) operates only where a credit for an overpayment has been claimed within the applicable period of limitations. That section is of no help to petitioner.[3]

Based on the foregoing, we conclude that petitioner does not have an overpayment in his 1995 taxable year. Because any credit of the 1994 overpayment against petitioner's estimated tax for 1995 is time-barred, petitioner's payments with respect to 1995 consist solely of the $2,578 withheld from his wages in that year. The parties agree that the tax imposed on petitioner for 1995 is $4,087. Therefore the deficiency for that year is $4,087; i.e., the amount by which the tax imposed exceeds the amount shown on the return. The amount shown on the return for this purpose is zero where no return is filed prior to issuance of the notice of deficiency. See Laing v. United States, 423 U.S. 161, 173 (1976); Hartman v. Commissioner, 65 T.C. 542, 546 (1975); sec. 301.6211-1(a), Proced. & Admin. Regs. Accordingly,

---

[3] Petitioner's notion that the "payment carryforward" he finds authorized in sec. 6513(d) is not a "credit" of an "overpayment" as those terms are used in the Code is belied by the express terms of that section. Sec. 6513(d) refers to an "overpayment" that is claimed as a "credit" in accordance with sec. 6402(b). This latter section is itself expressly concerned with the "Authority to make credits or refunds * * * [in] the case of any overpayment". Sec. 6402.

we find that for 1995 there is a deficiency and further that there is no overpayment, as petitioner's payments do not exceed the tax imposed.  See sec. 6512(b)(1); Bachner v. Commissioner, 109 T.C. at 128-129.

Our conclusions regarding the 1995 overpayment also resolve any remaining issues in 1996.  There being no overpayment in 1995, petitioner's contention that he has a $250 overpayment for 1995 that may be credited against his 1996 tax liability must fail.  Consequently, the only payments petitioner has made with respect to his 1996 tax liability are the amounts withheld from his wages in 1996.  There is a deficiency in that year of $5,224; i.e., the difference between the agreed amount imposed ($5,224) and the amount treated as shown on the return ($0).  See sec. 301.6211-1(a), Proced. & Admin. Regs.

Certain allegations by petitioner of misconduct by respondent, including respondent's "using the power of the * * *[Tax Court] to extort money" in respect of a claim that is "fraudulently overstated", merit comment.  First, petitioner contends that respondent's unwillingness to credit his 1994 overpayment against his tax liabilities for 1995 or 1996 was "abusive".  We disagree.  Petitioner cannot recover his 1994 overpayment because he failed to file a timely return or claim. Because petitioner's claim was untimely, respondent was precluded by law from crediting or refunding any portion of the 1994

overpayment.  Moreover, the Supreme Court has recently reiterated that the provisions of section 6511, establishing the period of limitations for recovering overpayments, are to be strictly construed, see United States v. Brockamp, 519 U.S. 347, 352-354 (1997), and Congress, after recently scrutinizing section 6511, has seen fit to change it only in circumstances for which petitioner would not qualify.  See sec. 6511(h), enacted by Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3202(a), 112 Stat. 740 (relaxation of limitations period where taxpayer physically or mentally impaired); sec. 6512(b)(3), amended by Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1282(a), 111 Stat. 1037 (3-rather than 2-year "look-back" period where no return filed and deficiency notice issued in third year after return due).

A second allegation made by petitioner is that respondent acted improperly in this case by asserting deficiencies for 1995 and 1996 that he knew or should have known were far in excess of what petitioner rightfully owed and then sought to use the Tax Court process to "extort" money from petitioner.

Our review of the entire record in this case does not indicate that respondent has acted improperly.  We see nothing improper in the original deficiency determinations.  Petitioner was treated the same as any nonfiler:  respondent computed the deficiencies based on information returns from third parties and

accorded him the single filing status and single exemption to which he would be entitled in the absence of any further information or substantiation. Given the proximity of the notices of deficiency and the filing of respondent's answer in this case, we see no impropriety in respondent's maintaining the same position in his answer as in the notices. The record does not indicate when petitioner's 1995 and 1996 returns, submitted after issuance of the notices of deficiency, were accepted as filed, except that it is clear the returns had been accepted at least 15 days prior to trial, when trial memoranda were served. Whether respondent unreasonably delayed accepting the 1995 and 1996 returns in some effort to intimidate petitioner has not been established on this record. We therefore find no basis for petitioner's claims of improper conduct by respondent.

Additions to Tax Under Section 6651(a)(1) and (2)

Respondent determined for the years in issue that petitioner is liable for additions to tax under section 6651(a)(1) for failure to file timely tax returns and under section 6651(a)(2) for failure to pay timely. The addition to tax for failure to file a timely return equals 5 percent of the amount required to be shown as tax on the return for each month, or fraction thereof, during which the failure to file continues, up to a maximum of 25 percent. Sec. 6651(a)(1). For these purposes, the amount required to be shown as tax on the return is reduced by

any part of the tax paid on or before the date prescribed for payment and by the amount of any credit against tax which may be claimed on the return. Sec. 6651(b)(1). The addition to tax for failure to file a timely return does not apply where the taxpayer shows that such failure is due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1).

The addition to tax for failure to pay timely is 0.5 percent of the amount shown as tax on the return for each month, or fraction thereof, during which the failure to pay continues, up to a maximum of 25 percent. Sec. 6651(a)(2). Under section 6651(g)(2), a substitute return prepared by the Commissioner under section 6020(b) is treated as a return filed by the taxpayer for returns due after July 30, 1996 (determined without regard to extensions). See Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 1301(b), 110 Stat. 1475; Smith v. Commissioner, T.C. Memo. 2000-290; sec. 301.6651-1(g), Proced. & Admin. Regs. Respondent's determination that petitioner is liable for the addition with respect to his 1995 tax year, the return for which was due before July 30, 1996, is not based on an amount shown as tax on a return filed by petitioner. Petitioner did not file a return prior to the issuance of the notice of deficiency for 1995.[4] See Heisey v. Commissioner, T.C. Memo. 2002-41.

_____

[4]Respondent has not argued that the delinquent return filed by petitioner with respect to 1995 constitutes a return for
(continued...)

Accordingly, we do not sustain the determination that petitioner is liable for the addition for failure to pay for 1995.

In court proceedings that arise in connection with examinations commenced after July 22, 1998, the Commissioner bears the burden of producing sufficient evidence to indicate that it is appropriate to impose any additions to tax provided for in the Internal Revenue Code. Sec. 7491(c), enacted by RRA 1998 sec. 3001, 112 Stat. 726; Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Where no examination has been conducted, the provisions of section 7491(c) apply to court proceedings that arise in connection with taxable periods or events beginning or occurring after July 22, 1998. RRA 1998 sec. 3001(c)(2), 112 Stat. 726. Once the Commissioner meets his burden of production under section 7491(c), the taxpayer bears the burden of establishing that a reasonable cause exception applies. Higbee v. Commissioner, supra at 447.

Respondent claims that there was no "examination" of petitioner's 1995 and 1996 returns because those returns were accepted as filed. Therefore, since petitioner's 1995 and 1996 tax years began prior to July 22, 1998, respondent argues that he does not bear the burden of production under section 7491(c).

---

⁴(...continued)
purposes of the addition to tax for failure to pay.

We disagree.  The legislative history of sec. 7491(c)
illustrates that Congress intended the term "examination" to
include events other than audits, such as the matching of amounts
reported on information returns against amounts reported on a tax
return, or the review of a claim for refund prior to issuing the
refund.  H. Conf. Rept. 105-599, at 242 (1998), 1998-3 C.B. 747,
996.  Respondent's argument that there was no examination because
the returns were accepted as filed overlooks the fact that the
additions were determined before the returns were filed.  Given
that the deficiency notices were issued on April 19, 1999, and
the determinations therein were based on a review of information
returns, we find that examinations within the meaning of the
effective date provisions of section 7491 occurred after July 22,
1998, in this case.

The stipulations in this case establish that petitioner did
not file his 1995 and 1996 returns until July 22, 1999.  Thus
respondent has satisfied his burden of production with respect to
the additions to tax for failure to file timely returns.

With respect to the addition to tax for failure to pay
timely for 1996, it is undisputed that petitioner filed no return
for 1996 prior to the issuance of the notice of deficiency.
Thus, any addition to tax for failure to pay must be based upon a
substitute for return under section 6020(b) pursuant to section

6651(g).[5]  Respondent has neither presented any evidence nor made any argument that a substitute return under section 6020(b) exists with respect to petitioner's 1996 tax year.  Accordingly, respondent has failed to meet his burden of production with respect to the addition to tax for failure to pay for 1996.  See Heisey v. Commissioner, supra.  The determination that petitioner is liable for the addition for failure to pay for 1996 is not sustained.

Respondent having met his burden of production with respect to the additions for failure to file, petitioner bears the burden of proving that he had reasonable cause for his failure.  A failure to file timely returns is generally considered due to reasonable cause where a taxpayer is unable to file the return within the prescribed time despite exercising ordinary business care and prudence.  Estate of Eddy v. Commissioner, 115 T.C. 135, 141 (2000); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Petitioner argues that his failure to file timely returns for the years at issue was due to reasonable cause arising from his work-related relocation in 1994.  Petitioner's argument, as we understand it, is that he did not file timely returns for 1995 or 1996 because he did not think that those returns could be completed accurately until his 1994 return was filed.  Petitioner

---

[5]Respondent has not argued that the delinquent return filed by petitioner with respect to 1996 constitutes a return for purposes of the addition to tax for failure to pay.

claims he could not file his 1994 return by its due date because he had difficulty understanding certain provisions of tax law and because some of the information he needed to complete his 1994 return was in storage.

In general, uncertainty regarding the application of the Federal tax laws to a particular set of facts, or the unavailability of records, does not provide reasonable cause for failing to file a timely tax return. See Surridge v. Commissioner, T.C. Memo. 1998-304; Columbus v. Commissioner, T.C. Memo. 1998-60, affd. without published opinion 162 F.3d 1172 (10th Cir. 1998). In any event, the "relocation" issues present for 1994 had no impact on petitioner's tax computations for his 1995 and 1996 taxable years. In our view, petitioner could have exercised ordinary business care and prudence by filing a timely 1994 return using the best information available and then amending the return to the extent necessary; the 1994 difficulties simply provide no reasonable cause for the failure to file timely 1995 and 1996 returns. See Estate of Vriniotis v. Commissioner, 79 T.C. 298 (1982); Tarakci v. Commissioner, T.C. Memo. 2000-358. We accordingly sustain respondent's determinations that the failure to file addition applies to each of those years.

In the deficiency notices, respondent applied section 6651(c)(1), which limits the addition under section 6651(a)(1) by

the amount of the addition under section 6651(a)(2) for any month to which an addition applies under both of those provisions. Since we have not sustained the additions to tax under section 6651(a)(2) for 1995 and 1996, the additions to tax under section 6651(a)(1) for those years are not subject to the limitation in section 6651(c)(1). See Heisey v. Commissioner, T.C. Memo. 2002-41.

## Additions to Tax Under Section 6654

Respondent determined that, for both years at issue, petitioner is liable for the section 6654 addition to tax for failure to pay estimated income taxes. This addition to tax is mandatory unless petitioner shows that one of the statutorily provided exceptions applies. See Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980); Chambers v. Commissioner, T.C. Memo. 2000-218. As the 1995 and 1996 returns show that petitioner's estimated taxes for those years fell substantially short of the income tax liabilities reported thereon, we find that respondent has satisfied his burden of production under section 7491(c). Petitioner has not introduced any evidence to support a finding that respondent's determinations with respect to the section 6654 addition are erroneous or that any of the statutory exceptions apply. Accordingly, we sustain the determinations.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.