T.C. Summary Opinion 2003-171

UNITED STATES TAX COURT

GARY R. GREULICH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15075-02S.          Filed December 30, 2003.

Santo J. Bonanno, for petitioner.

Wendy D. Gardner, for respondent.


POWELL, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as amended.

Respondent issued petitioner a Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for unpaid Federal income taxes and related liabilities in the following amounts:

| Year | Liability[2] |
|------|--------------|
| 1991 | $4,599.06 |
| 1993 | 5,885.73 |

Petitioner seeks to have a tax lien removed.  The issue is whether petitioner's claim for credit or refund is limited by the "look-back" period prescribed in section 6511(b)(2)(A). Petitioner resided in Oakland, New Jersey, at the time the petition was filed.

## Background

The facts are not in dispute, and the issue is primarily one of law.[3]  On April 15, 1993, petitioner filed Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, and remitted a payment of $7,000 by check.  On the memo line of the check, petitioner noted his Social Security number and "1040 92".  Respondent granted an extension to file until August 15, 1993, and subsequently further extended the filing date to October 15, 1993.  Petitioner did not

---

[2]  Amounts computed through July 22, 2002.

[3]  Sec. 7491, concerning burden of proof, has no bearing on this case.

timely file his 1992 return, and respondent credited the $7,000 payment to an "excess collections" account.

On May 13, 1998, petitioner filed his 1991, 1992, and 1993 returns. Respondent applied $2,658 of the $7,000 payment to petitioner's 1992 tax liability, and the remaining amount remained in the "excess collections" account. On November 19, 1998, petitioner remitted an additional payment of $897.17. Respondent applied that payment to petitioner's 1991 tax liability because his 1992 liability was paid in full.

On November 30, 1998, respondent issued petitioner, inter alia, two letters entitled "Statement of Account", requesting additional payments for 1991 and 1993. In a letter to respondent dated December 13, 1998, petitioner requested that the $7,897.17 that had been remitted to respondent be credited to his 1991 and 1993 liabilities. Respondent refused to comply with this direction, and, with the exception of applying $3,555.17 of the payments to the 1991 and 1992 liabilities discussed above, none of the balance was credited to petitioner's outstanding tax liabilities.

On October 12, 2000, respondent issued petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. Petitioner timely filed a Request for a Collection Due Process Hearing. On August 22, 2002, the Appeals officer to whom the matter was assigned issued petitioner the Notice of

Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 concluding that the liabilities set forth above were correct and unpaid and that the filing of the tax lien was appropriate. The Appeals officer also determined that a consideration of any offer in compromise was inappropriate because petitioner had not filed tax returns for subsequent years. Petitioner timely filed with this Court a petition for review of the Appeals officer's determinations. Petitioner raised only the question of whether the liabilities had been paid.

### Discussion

Respondent did not issue petitioner notices of deficiency for the taxable years at issue, and petitioner has not had an opportunity to dispute whether such tax liabilities remain unpaid. Petitioner may challenge the existence of the underlying tax liabilities in this Court. See secs. 6320(c), 6330(c)(2)(B), (d). Where the validity of the underlying tax liabilities is properly placed at issue, this Court will review the matter on a de novo basis. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Section 6511 contains two separate provisions to determine the period of limitations for refund or credit claims. First, section 6511(a) establishes a filing deadline. Second, section 6511(b)(2)(A) establishes a "look-back" period, which provides a

ceiling limitation on the amount of an allowable refund or credit. Commissioner v. Lundy, 516 U.S. 235, 239-240 (1996).

As applicable here, petitioner must file a claim for credit or refund "of an overpayment * * * within 3 years from the time the return was filed". Sec. 6511(a). Respondent concedes that petitioner timely filed a claim for credit on December 13, 1998. If, however, the claim was filed "during the 3-year period * * * the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return." Sec. 6511(b)(2)(A).

Respondent granted petitioner a 6-month extension to file his 1992 return. Petitioner filed the claim for credit on December 13, 1998. As a result, petitioner's available credit for the tax paid is limited to the portion of the tax paid within 3 years and 6 months before he filed the claim for credit, or between June 13, 1995 and December 13, 1998. Petitioner's payment of $7,000 was deemed paid on April 15, 1993, see sec. 6513,[4] long before the "look-back" period. See also Tedokon v.

---

[4] By marking "1040 92" on the memo line of his check petitioner intended the $7,000 remittance to constitute a tax payment, and not a deposit in the nature of a cash bond. See Risman v. Commissioner, 100 T.C. 191 (1993); Maxon v. Commissioner, T.C. Memo. 1994-494; Gabelman v. Commissioner, T.C. Memo. 1993-592, affd. 86 F.3d 609 (6th Cir. 1996). Respondent treats remittances sent with a Form 4868 extension request as remittances of estimated tax payments. See Action on Decision 1997-006 (May 5, 1997), 1997-1 C.B. 1.

<u>Commissioner</u>, T.C. Memo. 2002-308; <u>Lee v. Commissioner</u>, T.C. Memo. 2002-233.  Petitioner's claim to the balance in the "excess collections" account was, therefore, time barred.

The result may appear somewhat harsh, but it must be pointed out that the result flows from petitioner's actions in not timely filing his tax returns.  All of this could have been avoided if petitioner had followed the statutory provisions for filing returns.  Those provisions are not obscure.  We sustain respondent's determination.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>